# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TAMMY RENEE BROOKS, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. CIV-10-35-F |
| ) | |
| MILLICENT NEWTON-EMBRY, WARDEN, ) | |
| and ATTORNEY GENERAL OF THE ) | |
| STATE OF OKLAHOMA, ) | |
| ) | |
| Respondents. ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. Petitioner filed her Petition in this Court on January 8, 2010. It is recommended that this action be transferred to the United States District Court for the Northern District of Oklahoma.

In this action, Petitioner challenges her conviction in the District Court of Creek County, Oklahoma, in Case No. CF-2000-155. She is presently incarcerated at Mabel Bassett Correctional Center located in McLoud, Oklahoma.

Since Petitioner attacks her conviction in the District Court of Creek County located within the Northern District of Oklahoma, and since she is in custody at Mabel Bassett Correctional Center located within the Western District of Oklahoma, both federal district courts have jurisdiction to entertain Petitioner's habeas corpus petition. 28 U.S.C. § 2241(d). Pursuant to 28 U.S.C. § 2241(d), the district court for the district in which a habeas petition

is filed, in the exercise of its discretion and in furtherance of justice, may transfer the petition to the other district for hearing and determination.

It has been a longstanding policy of this Court and the United States District Court for the Northern District of Oklahoma that justice is normally better served by the adjudication of the case in the district where the conviction was obtained, since that is where the trial court officials and records are located, where trial counsel for the prosecution and for the petitioner are ostensibly available and where any necessary witnesses usually reside in the event an evidentiary hearing is necessary. Transportation of Petitioner to any hearing in the Northern District would be a modest expense for state and/or federal officials when compared to the costs of an evidentiary hearing in Oklahoma City. For these reasons, this case should be transferred to the Northern District of Oklahoma.

## **RECOMMENDATION**

It is recommended that this case be transferred to the United States District Court for the Northern District of Oklahoma pursuant to 28 U.S.C. § 2241(d).

## **NOTICE OF RIGHT TO OBJECT**

Petitioner is advised of her right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Within 14 days after being served with a copy of this Report and Recommendation, Petitioner may serve and file specific written objections with the Clerk of the District Court. Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report

and Recommendation waives Petitioner's right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred by the District Judge in this matter.

ENTERED this __19th__ day of January, 2010.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE