**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **TAMMY RENEE BROOKS,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 10-CV-0072-CVE-PJC |
| | ) |
| **MILLICENT NEWTON-EMBRY, Warden,** | ) |
| **ATTORNEY GENERAL OF THE** | ) |
| **STATE OF OKLAHOMA,** | ) |
| | ) |
| Respondents. | ) |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Petitioner, a state inmate represented by counsel, filed her petition (Dkt. # 1) on January 8, 2010, in the United States District Court for the Western District of Oklahoma. On February 4, 2010, the case was transferred to this District Court. See Dkt. # 7. In response to the petition, Respondent filed a motion to dismiss (Dkt. # 11), alleging that under 28 U.S.C. § 2244(d)(1)(A), the petition is barred by the one year statute of limitations. Petitioner filed a response (Dkt. # 13) to the motion to dismiss, arguing that under 28 U.S.C. § 2244(d)(1)(D), her petition is timely. For the reasons discussed below, the Court finds that even if analyzed under § 2244(d)(1)D), the petition appears to be time-barred. In addition, the Court finds that it appears from the face of the petition that petitioner has not presented her habeas corpus claim to the state courts. Therefore, even if the petition is not time barred, the Court is precluded from granting habeas corpus relief under 28 U.S.C. § 2254(b). Petitioner shall be afforded the opportunity to show cause why her petition should not be dismissed for failure to exhaust state remedies and/or as time-barred under § 2244(d)(1)(D).

*BACKGROUND*

The record reflects that Petitioner was convicted by a jury of Child Neglect in Creek County District Court, Case No. CF-2000-155. On November 19, 2002, the trial court sentenced Petitioner in accordance with the jury's recommendation to twenty (20) years imprisonment. Petitioner was represented at trial by attorney W. Creekmore Wallace.

Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). In her petition, petitioner states that she raised three claims on direct appeal, as follows: "(1) trial court erred in instructing on child neglect as a lesser included offense to child abuse murder, (2) trial court erred in admitting other crimes or bad acts evidence, and (3) trial court erred in allowing improper argument and prosecutorial misconduct denied appellant/petitioner a fair trial." See Dkt. # 1 at 2. Attorneys Cindy Brown Danner, Kimberly Dawn Heinze, and W. Creekmore Wallace represented petitioner on direct appeal. In an unpublished Summary Opinion filed January 7, 2004, in Case No. F-2002-1465, the OCCA affirmed Petitioner's Judgment and Sentence. Id. Petitioner states that she did not seek *certiorari* review in the United States Supreme Court.

On April 15, 2004, petitioner filed an application for post-conviction relief in the state district court. In her habeas petition, petitioner states she raised three grounds for relief, as follows: "(1) denied right to effective assistance of trial and appellate counsel because counsel's strategy was unsound and failed to preserve errors in the admission of other crime evidence, (2) denied right to trial free of jury misconduct because jurors believed I would be subject to parole and adjusted my sentence, and (3) denied right of due process because I was convicted of a lesser included offense not charged and without notice of the need to defend." See Dkt. # 1 at 3. By order filed April 4, 2005, the state district court denied post-conviction relief. See Dkt. # 12, Ex. 2. Petitioner appealed.

However, on May 19, 2005, in Case No. PC-2005-449, the OCCA dismissed the attempted post-conviction appeal on procedural grounds. See Dkt. # 12, Ex. 3.

Petitioner, represented by attorney James Linger, commenced this habeas corpus action on January 8, 2010. See Dkt. # 1. In her petition (Dkt. # 1), she identifies one ground for relief, as follows:

> The ineffective assistance of counsel in regard to failing to notice that the trial Judge was shaving his private parts as a reason that the Judge failed to exclude prejudicial evidence during closing argument. The reason this was not presented is that I was not aware of the Judge's activities and was not made aware of this until my new counsel discovered it from discussions with my old counsel and the signing of an Affidavit on January 15, 2009, by my old counsel that he thought that I had not received a fair trial because of this and because of his inability to notice that the Judge was not paying attention during closing argument. I was not aware of the misconduct of the Judge in my jury trial and its affect on my trial counsel until I was so informed in early 2009. Since I was in custody of the Department of Corrections I could not conduct an investigation in this matter and my new counsel was not able to obtain an Affidavit from my previous trial counsel until January 15, 2009.

See Dkt. # 1 at 4. Petitioner further states in her petition that her claim of ineffective assistance of counsel "was not presented in any other court, state or federal." Id. at 5. In response to the petition, respondent argues that, under 28 U.S.C. § 2244(d)(1)(A), the petition is time barred.

*ANALYSIS*

**A. Exhaustion**

Before considering the timeliness of the claim raised in the petition, the Court shall examine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Under § 2254(b), this Court cannot grant habeas corpus relief unless the petitioner has exhausted the remedies available in the state courts. The United States Supreme Court "has long held that a state prisoner's federal petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." Coleman v.

Thompson, 111 S. Ct. 2546, 2554-55 (1991). To exhaust a claim, Petitioner must have "fairly presented" that specific claim to the state's highest court. See Picard v. Conner, 404 U.S. 270, 275-76 (1971). A petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). The exhaustion requirement is based on the doctrine of comity. Rose v. Lundy, 455 U.S. 509, 518-19 (1982). Requiring exhaustion "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam). The enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA) in 1996 "dramatically altered the landscape for federal habeas corpus petitions" by preserving the "total exhaustion" requirement of Lundy, but at the same time imposing a one-year statute of limitations on the filing of federal petitions. Rhines v. Weber, 544 U.S. 269, 274 (2005).

Even if the petition is not time barred, as discussed in more detail below, it is nonetheless subject to dismissal because petitioner's habeas corpus claim appears to be unexhausted. Petitioner admits in her petition that she has never presented the claim raised in the habeas petition to the state courts. See Dkt. # 1, ¶ 13 (stating that "[t]he ineffective assistance of counsel in regard to failing to notice that the trial Judge was shaving his private parts as a reason that the Judge failed to exclude prejudicial evidence during closing argument was not presented in any other court, state or federal").[1] She has an available remedy, an application for post-conviction relief filed pursuant to

---

[1] The docket sheet for Creek County District Court, Case No. CF-2000-155, viewed at www.odcr.com, confirms that there has been no activity in petitioner's criminal case since May 24, 2005, when the OCCA's order in Case No. PC-2005-449, was filed of record.

4

Okla. Stat. tit. 22, § 1080, et seq. Because she has previously filed an application for post-conviction relief, she will be required to show "sufficient reason" for failing to raise this claim in her prior application. See Okla. Stat. tit. 22, § 1086.

Although Respondent failed to argue that petitioner's claim is unexhausted, this Court has discretion to consider the issue despite the State's failure to raise the defense. See Granberry v. Greer, 481 U.S. 129 (1987). Furthermore, counsel for the State did not expressly waive the exhaustion requirement. 28 U.S.C. § 2254(b)(3). Even though petitioner concedes that the claim raised in the petition has not been presented to the state courts, the Court nonetheless is required to provide notice to petitioner and an opportunity to state her position on the issue. Day v. McDonough, 547 U.S. 198, 210-11 (2006). Accordingly, counsel for petitioner shall be required to show cause why this action should not be dismissed for failure to exhaust state remedies.

**B. Statute of limitations**

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but can also commence under the terms of § 2244(d)(1)(B), (C), and (D). In addition, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. Id.

Respondent asserts that under § 2244(d)(1)(A), this habeas petition was filed after the expiration of the one-year limitations period.[2] Petitioner contends that under § 2244(d)(1)(D), her petition is timely. Because the events giving rise to petitioner's habeas claim did not become public knowledge until after petitioner's conviction became final, the Court finds the accrual date of the

---

[2] Petitioner's conviction became final on April 6, 2004, or 90 days after entry of the OCCA's order on January 7, 2004, when the time period for filing a petition for writ of *certiorari* in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). As a result, her one-year limitations clock began to run on April 6, 2004, and, absent a tolling event, a federal petition for writ of habeas corpus filed after April 6, 2005, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline). Petitioner filed her application for post-conviction relief on April 15, 2004. At that point, with 356 days remaining, the one year limitations period stopped running. After the state district court denied relief, Petitioner attempted to appeal. However, the OCCA dismissed the attempted post-conviction appeal on procedural grounds. Because the post-conviction appeal was not "properly filed" it did not serve to toll the limitations period. Gibson v. Klinger, 232 F.3d 799, 804 (10th Cir. 2000). Therefore, the one year period was tolled from April 15, 2004, through May 4, 2005. Id. Petitioner had to file her federal habeas corpus petition within 356 days of May 4, 2005, or by April 25, 2006. Petitioner commenced this action on January 8, 2010, or almost four years beyond the deadline as calculated under § 2244(d)(1)(A).

one year period is governed by § 2244(d)(1)(D). Therefore, respondent's motion to dismiss based on § 2244(d)(1)(A) shall be denied.

To support her position that the petition is timely under § 2244(d)(1)(D), petitioner asserts that her one year period did not begin to run until January 15, 2009, when her trial counsel, W. Creekmore Wallace, II, executed his affidavit describing the events giving rise to the claim asserted in the habeas corpus petition. As a result, petitioner believes that her habeas petition, filed January 8, 2010, or one week before the resulting deadline if petitioner is credited with her accrual date, is timely. Petitioner relies on Fusi v. O'Brien, 550 F. Supp. 2d 167 (D. Mass. 2008). In that case, the habeas claim involved perjury by the petitioner's attorney. Reasoning that perjury is "uniquely difficult to discover without an admission from the perjuring witness," the federal district court found that "[t]he factual predicate for this petition could not have been discovered through reasonable efforts before [the attorney] had signed his affidavit." Id. at 169.

The facts of the instant case are distinguishable from those of Fusi. In this case, the factual predicate for the claim asserted in the petition could have been discovered long before trial counsel signed his affidavit. Petitioner states that she "was not aware of the misconduct of the Judge in my jury trial and its affect on my trial counsel until I was so informed early [in] 2009" and that her "new counsel was not able to obtain an Affidavit from my previous trial counsel until January 15, 2009." See Dkt. # 1 at ¶ 13. However, petitioner fails to state when she hired or contacted her habeas counsel, or when habeas counsel became aware of the claim, or when habeas counsel first attempted to contact trial counsel about the factual basis of the claim. Significantly, on June 27, 2006, the Tulsa World newspaper reported that the trial judge's former court reporter testified at the judge's criminal trial that "she saw Thompson 'shaving his scrotum' during closing arguments in an August

2003 murder trial. That trial was for Tammy Renee Brooks, accused in the 2000 murder of her 21-month-old daughter, Skyla Brooks." See www.tulsaworld.com (archived article). That newspaper article provides the factual predicate of petitioner's ineffective assistance of counsel claim. Thus, the Court finds that petitioner could have discovered the factual predicate of her claim through the exercise of due diligence as early as June 27, 2006. Unless petitioner demonstrates entitlement to equitable tolling, her habeas petition, filed January 8, 2010, is time-barred.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss petition as time barred under 28 U.S.C. § 2244(d)(1)(A) (Dkt. # 11) is **denied**.
2. The claim raised in the petition for writ of habeas corpus appears to be unexhausted and time-barred under 28 U.S.C. § 2244(d)(1(D). As a result, the petition is subject to dismissal.
3. Within 21 days of the entry of this Order, petitioner shall show cause why her petition for writ of habeas corpus should not be dismissed for failure to exhaust state remedies. Petitioner shall also show cause why her petition is not time-barred under 28 U.S.C. § 2244(d)(1)(D). Respondent may file a reply within 14 days of petitioner's response.
4. Should Petitioner fail to file a response by the above-referenced deadline, the Court will enter an Order dismissing the petition without prejudice for failure to exhaust state remedies.

**DATED** this 14th day of May, 2010.

_Claire V. Eagan_
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT