**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| TAMMY RENEE BROOKS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 10-CV-0072-CVE-PJC |
| | ) |
| MILLICENT NEWTON-EMBRY, Warden, | ) |
| ATTORNEY GENERAL OF THE | ) |
| STATE OF OKLAHOMA, | ) |
| | ) |
| Respondents. | ) |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Petitioner, a state inmate represented by counsel, filed her petition (Dkt. # 1) on January 8, 2010, in the United States District Court for the Western District of Oklahoma. On February 4, 2010, the case was transferred to this District. See Dkt. # 7. In response to the petition, respondent filed a motion to dismiss (Dkt. # 11), alleging that under 28 U.S.C. § 2244(d)(1)(A), the petition is barred by the one year statute of limitations. Petitioner filed a response (Dkt. # 13) to the motion to dismiss, arguing that under 28 U.S.C. § 2244(d)(1)(D), her petition is timely. By Opinion and Order filed May 14, 2010 (Dkt. # 14), the Court determined that even if analyzed under § 2244(d)(1)(D), the petition appeared to be time-barred. In addition, the Court determined that the single claim identified by petitioner appeared to be unexhausted. Petitioner was afforded the opportunity to address the issues of exhaustion and equitable tolling. See Dkt. # 14. On June 4, 2010, petitioner filed her response (Dkt. # 15) to the Court's Opinion and Order. Respondent filed a reply (Dkt. # 18). For the reasons discussed below, the Court finds that under § 2244(d)(1)(D), the petition is time-barred. The petition for writ of habeas corpus shall be dismissed with prejudice.

## BACKGROUND

The Court previously summarized the background of this case. See Dkt. # 14. That summary shall be repeated here. Petitioner was convicted by a jury of Child Neglect in Creek County District Court, Case No. CF-2000-155. On November 19, 2002, the trial court sentenced petitioner in accordance with the jury's recommendation to twenty (20) years imprisonment. Petitioner was represented at trial by attorney W. Creekmore Wallace. The trial judge was Donald Thompson.

Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). In her petition, petitioner states that she raised three claims on direct appeal, as follows: "(1) trial court erred in instructing on child neglect as a lesser included offense to child abuse murder, (2) trial court erred in admitting other crimes or bad acts evidence, and (3) trial court erred in allowing improper argument and prosecutorial misconduct denied appellant/petitioner a fair trial." See Dkt. # 1 at 2. Attorneys Cindy Brown Danner, Kimberly Dawn Heinze, and W. Creekmore Wallace represented petitioner on direct appeal. In an unpublished Summary Opinion filed January 7, 2004, in Case No. F-2002-1465, the OCCA affirmed petitioner's Judgment and Sentence. Id. Petitioner states that she did not seek *certiorari* review in the United States Supreme Court.

On April 15, 2004, petitioner filed an application for post-conviction relief in the state district court. In her habeas petition, petitioner states she raised three grounds for relief, as follows: "(1) denied right to effective assistance of trial and appellate counsel because counsel's strategy was unsound and failed to preserve errors in the admission of other crime evidence, (2) denied right to trial free of jury misconduct because jurors believed I would be subject to parole and adjusted my sentence, and (3) denied right of due process because I was convicted of a lesser included offense not charged and without notice of the need to defend." See Dkt. # 1 at 3. By order filed April 4,

2005, the state district court denied post-conviction relief. See Dkt. # 12, Ex. 2. Petitioner appealed. On May 19, 2005, in Case No. PC-2005-449, the OCCA dismissed the attempted post-conviction appeal on procedural grounds. See Dkt. # 12, Ex. 3.

Petitioner, represented by attorney James Linger, commenced this habeas corpus action on January 8, 2010. In her petition (Dkt. # 1), she identifies one ground for relief, as follows:

> The ineffective assistance of counsel in regard to failing to notice that the trial Judge was shaving his private parts as a reason that the Judge failed to exclude prejudicial evidence during closing argument. The reason this was not presented is that I was not aware of the Judge's activities and was not made aware of this until my new counsel discovered it from discussions with my old counsel and the signing of an Affidavit on January 15, 2009, by my old counsel that he thought that I had not received a fair trial because of this and because of his inability to notice that the Judge was not paying attention during closing argument. I was not aware of the misconduct of the Judge in my jury trial and its affect on my trial counsel until I was so informed in early 2009. Since I was in custody of the Department of Corrections I could not conduct an investigation in this matter and my new counsel was not able to obtain an Affidavit from my previous trial counsel until January 15, 2009.

See Dkt. # 1 at 4. Petitioner further states in her petition that her claim of ineffective assistance of counsel "was not presented in any other court, state or federal." Id. at 5. In an Opinion and Order filed May 14, 2010 (Dkt. # 14), the Court determined that petitioner's claim appeared to be unexhausted and time-barred under 28 U.S.C. § 2244(d)(1)(D) and allowed Petitioner the opportunity to address those issues. Petitioner filed a response (Dkt. # 15) and Respondent filed a reply (Dkt. # 18).

*ANALYSIS*

**A. Exhaustion of state remedies**

Petitioner acknowledges that she has never presented her habeas claim to the Oklahoma Court of Criminal Appeals. See Dkt. # 15. As a result, the claim is unexhausted and this Court is precluded from granting habeas corpus relief. 28 U.S.C. § 2254(b). In an effort to avoid statute of

3

limitations concerns, petitioner requests that the Court hold this case in abeyance to allow her to seek post-conviction relief in the state courts and, if unsuccessful, resume this case. See Dkt. # 15. As discussed below, this petition is time-barred. Therefore, the Court declines to hold this matter in abeyance.

**B. Statute of limitations**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but can also commence under the terms of § 2244(d)(1)(B), (C), and (D). In addition, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. Id.

Respondent asserts that under § 2244(d)(1)(A), this habeas petition was filed after the expiration of the one-year limitations period.[1] Petitioner contends that under § 2244(d)(1)(D), her petition is timely. Upon review of the parties' briefs, see Dkt. ## 15, 18, the Court finds that even if analyzed under § 2244(d)(1)(D), the petition is time-barred. To support her position that the petition is timely under § 2244(d)(1)(D), petitioner asserts that her one year period did not begin to run until January 15, 2009, when her trial counsel, W. Creekmore Wallace, II, executed his affidavit describing the events giving rise to the claim asserted in the habeas corpus petition. See Dkt. # 15. Petitioner claims that the "full factual predicate" of her claim involves the "effect of the trial Judge's conduct on her trial attorney and his admission in his Affidavit . . . that he failed to notice the Judge's conduct and his realization of why he could not get the Judge's attention on objections to exclude prejudicial pictures shown during closing argument and the resulting denial of a fair trial to Petitioner." See id. As a result, petitioner believes that her habeas petition, filed January 8, 2010, or one week before the resulting deadline if petitioner is credited with her accrual date, is timely. Id. In reply, respondent asserts that "[t]he judge's inattention and improper rulings and

---

[1]Petitioner's conviction became final on April 6, 2004, or 90 days after entry of the OCCA's order on January 7, 2004, when the time period for filing a petition for writ of *certiorari* in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). As a result, her one-year limitations clock began to run on April 6, 2004, and, absent a tolling event, a federal petition for writ of habeas corpus filed after April 6, 2005, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline). Petitioner filed her application for post-conviction relief on April 15, 2004. At that point, with 356 days remaining, the one year limitations period stopped running. After the state district court denied relief, petitioner attempted to appeal. However, the OCCA dismissed the attempted post-conviction appeal on procedural grounds. Because the post-conviction appeal was not "properly filed" it did not serve to toll the limitations period. Gibson v. Klinger, 232 F.3d 799, 804 (10th Cir. 2000). Therefore, the one year period was tolled from April 15, 2004, through May 4, 2005. Id. Petitioner had to file her federal habeas corpus petition within 356 days of May 4, 2005, or by April 25, 2006. Petitioner commenced this action on January 8, 2010, or almost four years beyond the deadline as calculated under § 2244(d)(1)(A).

counsel's failure to preserve these alleged errors is the factual predicate of the claim raised and was apparent at the time of trial." See Dkt. # 18.

The Court agrees with respondent. Petitioner's claims are that the trial court judge failed to exclude prejudicial evidence during closing argument. In addition, petitioner complains that trial counsel failed to notice the trial judge's actions contributing to his inattentiveness and erroneous rulings resulting in an unfair trial. The factual predicate of those claims was apparent at the time of trial. Therefore, under both § 2244(d)(1)(A) and § 2244(d)(1)(D), the claims are time-barred. Petitioner's belated acquisition of knowledge concerning the possible reason for the trial judge's inattentiveness does not provide a new trigger date for commencement of the limitations period because it does not serve as a factual predicate for petitioner's claim. See Purkey v. Kansas, 281 Fed.Appx. 824 (10th Cir. June 13, 2008) (unpublished). Furthermore, recognition of the legal significance of a set of facts does not trigger application of § 2244(d)(1)(D). See Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000) ("[T]he trigger in Section 2244(d)(1(D) is (actual or imputed) discovery of the claim's 'factual predicate,' not recognition of the facts' legal significance."). Petitioner recognized this distinction when she stated in her response that "[s]imply because a trial Judge does not pay attention or is distracted during a trial (whether because he is daydreaming, sleeping, doing a cross-word puzzle, or shaving his scrotum) is not in and of itself prejudicial to a Defendant unless the Judge's action results in the loss of a fair trial to the Defendant." See Dkt. # 15. The factual predicate of petitioner's claim that she was deprived of a fair trial by the trial judge's inattentiveness arose at the time of trial, not when she and/or her trial counsel and/or her habeas counsel learned that the trial judge was shaving his scrotum during her trial. Therefore, petitioner's one-year period applicable to her claims did not begin to run under § 2244(d)(1)(D) on

January 15, 2009, when trial counsel signed his affidavit. Instead, her one-year period began to run when her conviction became final since she could have discovered the "factual predicate" of her claims, i.e., that the trial court judge was inattentive and made improper rulings during closing argument and trial counsel failed to object, at trial.

Even if the one-year period began to run when petitioner could have discovered through the exercise of due diligence that the trial judge was shaving his scrotum during her trial, the Court finds this action is still untimely. The statute of limitations begins to run under § 2244(d)(1)(D) from the date the petitioner is "on notice of the facts which would support a claim, not from the date on which the petitioner has in his possession evidence to support his claim." Pacheco v. Artuz, 193 F. Supp. 2d 756, 760 (S.D. N.Y. 2002). As previously cited by the Court, the Tulsa World newspaper reported on June 27, 2006, that the trial judge's former court reporter testified at the judge's criminal trial that "she saw Thompson 'shaving his scrotum' during closing arguments in an August 2003 [sic] murder trial. That trial was for Tammy Renee Brooks, accused in the 2000 murder of her 21-month-old daughter, Skyla Brooks." See Manny Gamallo, *Court Reporter Accuses Thompson*, Tulsa World, June 27, 2006, http://www.tulsaworld.com/news/article.aspx?subjectid=12&articleid=060627_Ne_A1_Court53194&archive=yes. That newspaper article provided notice of the facts now offered by petitioner as the explanation for the trial judge's inattentiveness. Furthermore, as noted by respondent, the Tulsa World newspaper was available to prisoners at petitioner's prison facility in 2006. See Dkt. # 18, Ex. 5. Also, petitioner's trial counsel, W. Creekmore Wallace, testified for the defense at Donald Thompson's criminal trial in June 2006. See Dkt. # 18, Exs. 4 and 9. As a result, in June 2006, at the latest, Mr. Wallace was clearly aware of the trial judge's alleged conduct during petitioner's trial. Thus, the Court finds that petitioner could have discovered her explanation

7

for the trial judge's inattentiveness through the exercise of due diligence as early as June 2006. However, more than three years passed before petitioner filed her habeas corpus petition on January 8, 2010. Her petition is time-barred unless she demonstrates entitlement to equitable tolling.

The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998); see also Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). To be eligible for equitable tolling, however, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)), so as to prevent him from timely filing his habeas petition. A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Id. (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Petitioner claims that "since she was in the custody of the Department of Corrections, she could not conduct an investigation in this matter and her new counsel was not able to obtain an Affidavit from her previous counsel until January 15, 2009." See Dkt. # 13 at 5. The fact of petitioner's incarceration does not rise to the level of an "extraordinary circumstance" justifying equitable tolling. See Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Furthermore, petitioner has not demonstrated that she pursued her claim diligently. Although the Court afforded petitioner the opportunity to demonstrate entitlement to equitable tolling, she has failed to offer an explanation for her habeas counsel's inability to obtain trial counsel's affidavit until January 15, 2009, nor does she explain why she waited almost a full year to file her habeas petition after

securing the affidavit. See Dkt. # 15. Her efforts do not comport with diligence. Petitioner is not entitled to equitable tolling. The petition for writ of habeas corpus is time-barred and shall be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The petition for writ of habeas corpus (Dkt. # 1) is time-barred and is **dismissed with prejudice**.

2. A separate judgment shall be entered in this matter.

**DATED** this 20th day of July, 2010.

                                                  _____
                                                  CLAIRE V. EAGAN, CHIEF JUDGE
                                                  UNITED STATES DISTRICT COURT